IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY J. BROWN,

    Plaintiff,

v.

MELISSA THORNE, et al.

    Defendants.

ORDER

Case No. 17-cv-73-wmc

*Pro se* plaintiff Larry Brown is proceeding in this lawsuit on Eighth Amendment deliberate indifference claims against defendants Trisha Anderson, Michael Dittman, Jamie Gohde, James Greer and Melissa Thorne. On July 3, 2019, defendants filed a motion for summary judgment on exhaustion grounds, and the court set July 24, 2019, as Brown's deadline to oppose defendants' motion. However, Brown failed to oppose the motion. Instead, on July 8, 2019, Brown filed a motion to stay this case for 120 days or for appointment of counsel, explaining that he was recovering from surgery and could not respond to the motion, and, in any event, he would be released from prison on July 23. (Dkt. #58.) Brown has not otherwise contacted the court, nor has he opposed defendants' motion. Now defendants seek a stay of all deadlines pending the court's resolution of their motion for summary judgment. (Dkt. #61.)

While Brown's silence suggests he may have abandoned this lawsuit, it is equally fair to say that he is waiting for a ruling from the court on his request for counsel or a stay. A stay is unnecessary at this juncture, so that request is denied. As for his request for assistance in recruiting counsel, before this court considers recruiting counsel for a *pro se*

litigant, the court must find that the plaintiff is indigent, he has made reasonable efforts to recruit an attorney on his own, and that those efforts have failed. *Jackson v. Cty. of McLean*, 599 F.3d 749, 760-61 (7th Cir. 2010). A party may satisfy that requirement with evidence that at least three lawyers refused his request to represent him. While Brown has previously represented that he has reached out to multiple attorneys who declined to represent him, it is not apparent from the record of this lawsuit that the legal and factual complexity of this lawsuit exceeds his s abilities. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). At this stage, Brown's obligation is to respond to defendants' motion for summary judgment on exhaustion grounds. The court's review of Brown's filings in this case suggest that he can write clearly, remembers the events related to his claims and can respond to defendants' arguments related to whether he adequately exhausted his administrative remedies. Therefore, to avoid dismissal of this lawsuit, Brown should do his best to respond to defendants' motion for summary judgment, using the materials provided to him along with the Preliminary Pretrial Conference Order. (*See* 5/29/19 Order (dkt. #53).). While the court is denying his request for recruitment of counsel at this time, if the court reviews Brown's response to defendants' motion and it becomes clear that he lacks the ability to complete these tasks, the court may decide *sua sponte* to recruit counsel for him. However, if Brown simply files nothing, the court will interpret it as abandonment of this lawsuit, not an inability to advocate for himself.

Accordingly, the court will give Brown *one* more opportunity to submit a substantive response to defendants' motion. The court will give Brown until **December 13, 2019**, to respond, with defendants' reply, if any, due **December 20, 2019**. If Brown fails to respond

by the new deadline, the court will grant defendants' motion as unopposed and dismiss this lawsuit without prejudice.

Finally, as for defendants' motion, the court will not stay all deadlines in this lawsuit at this point, so that motion will be denied. However, the court will extend the January 6, 2020, dispositive motion deadline to February 7, 2020, to account for the court's delay in resolving Brown's request.

ORDER

IT IS ORDERED that:

1. Plaintiff Larry Brown's motion for a stay or request for assistance in recruiting counsel (dkt. #58) is DENIED without prejudice.

2. Plaintiff's new deadline to file a response to defendants' motion for summary judgment is **December 13, 2019**, and defendants' reply is due **December 20, 2019. If plaintiff does not respond by that date, the court will grant defendants' motion as unopposed and dismiss this lawsuit without prejudice.**

3. Defendants' motion for a stay of all deadlines (dkt. #61) is DENIED, but the dispositive motion deadline is extended to **February 7, 2020.**

Entered this 22nd day of November, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge