IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY J. BROWN,

    Plaintiff,

v.

MELISSA THORNE, et al.

    Defendants.

ORDER

Case No. 17-cv-73-wmc

*Pro se* plaintiff Larry Brown is proceeding in this lawsuit on Eighth Amendment deliberate indifference claims against defendants Trisha Anderson, Michael Dittman, Jamie Gohde, James Greer and Melissa Thorne. On July 3, 2019, defendants filed a motion for summary judgment on exhaustion grounds. (dkt. #55.) Brown did not respond to the motion, instead asking the court to stay deadlines in this case and recruit counsel for him. (Dkt. #58.) On November 22, 2019, the court denied Brown's request for assistance in recruiting counsel and gave him until **December 13, 2019,** to respond to defendants' motion for summary judgment. The court warned Brown that if he failed to respond by the new deadline, the court would grant defendants' motion as unopposed and dismiss this lawsuit without prejudice. That deadline has passed, and Brown has not responded.

The court notes that Brown may not have received the court's November 22 order because when the court mailed that order to him, it was returned to the court as undeliverable. However, Brown has not provided the court with an updated address, and it is not the obligation of the court to search for litigants; rather, it is the litigant's responsibility to advise the court of any change to his or her contact information. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593, 2008 WL 4922422 (7th Cir. 2008) (affirming denial of a Rule 60(b) motion

where movants claimed they did not receive notice of summary judgment due to a house fire, adding that "all litigants, including pro se litigants, are responsible for maintaining communication with the court"); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of the lawsuit."). Indeed, the court warned Brown that it is his obligation to apprise the court of any change to his mailing address, and that his failure to do so can result in dismissal of this case for failure to prosecute. (*See* 10/17/2018 Order (dkt. #17) 8.) Accordingly, since Brown has not responded to the court's order or communicated with the court in any manner suggesting he intends to do so, the court now will grant defendants' motion as unopposed and dismiss this case without prejudice for failure to exhaust his administrative remedies. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

## ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds (dkt. #55) is GRANTED.

2. Plaintiffs' claims in this lawsuit are DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment and close this case.

Entered this 6th day of January, 2020.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge